UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID R PETE | § | CIVIL ACTION |
|     Plaintiffs | § | |
| | § | |
| VS. | § | NO. 1:25-CV-00104 |
| | § | |
| WALMART STORE, LLC | § | |
|     Defendant | § | JURY |

**DEFENDANT WALMART STORES TEXAS, LLC'S MOTION TO DISMISS**
**PLAINTIFF'S CAUSES OF ACTION UNDER RULE 12(b)(6)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW WALMART STORES TEXAS, LLC (INCORRECTLY NAMED AS WALMART STORE LLC), Defendant (hereinafter "Walmart"), moves to dismiss all of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), and would show the Court the following:

**I.**

**PLAINTIFF'S PETITION DOES NOT GIVE**
**WALMART FAIR NOTICE OF WHAT THE CLAIMS ARE**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint "must contain enough facts to state a claim to relief that is plausible on its face." *Shaw v. Restoration Hardware, Inc.,* 93 F.4th 284 (2024); *Varela v. Gonzalez,* 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). A claim is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* at 545. "Federal Rule of Civil Procedure 8(a)(2) requires a plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id.* Factual allegations must be enough to raise a right to relief above the

speculative level on the assumption that all of the complaint's allegations are true. *Id.* Stating a claim requires a complaint with enough factual matter to suggest an agreement. *Id. Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *see also Grisham v. United States,* 103 F.3d 24, 25-26 (5th Cir. 1997). Moreover, the plaintiff's complaint must be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Ramming v. United States,* 2001 WL 1734813, at *3 (5th Cir. Dec. 19, 2001).

In the present case, Plaintiff's Petition does not plead facts which are sufficient to give Walmart fair notice of what the claims are and the grounds upon which each claim rests. For example, the petition does not fairly identify the specific factual information undergirding the following allegations made by Plaintiff (which Walmart denies at this time):

- defendant publish and stated a false statement (2:That defendant (WALMART STORES LLC) did defame the character and reputation of plantiff (DAVID R PETE) 3: with the requisite degree of fault truth.
- Plaintiff character was defamed and falsely accused of harrassement of store manager force to leave Defendant:( WALMART STORE AT 4145 DOWLEN RD BEAUMONT,TX 77706) did allow there manager (BRYANT) to defame my character by falsely acusing me of harrassing store manager and having police called i (DAVID R PETE) was illegally detain me before i was allowed to leave .This made me fear for my life.
- Defendant (WALMART STORES LLC) is liable for defamation of character according to 28 U..CODE :4101and CIVIL PRACTICE and remedies code chapter 73.LIBEL of Plaintiff (DAVID PETE) and for falsely accussing Plaintiff ( DAVID R PETE) of harrassment of store manager, which by law are 'LIBEL' by statue and as well as oral defamation,refer to as slander.

*See* Ex. A – Plaintiff's Original Petition for Defamation of Character.[1]

Instead, the Petition recites numerous unintelligible, incoherent, and incomplete factual statements and allegations against Walmart. Plaintiffs' pro se status does not excuse the requirement that Plaintiff clearly state each specific claim against Walmart. *See, e.g., Newsome v. EEOC*, 301 F.3d 227 (5th Cir. 2002) (affirming District Court's Rule 12(b)(6) dismissal of a pro

---

[1] This Petition was filed in the District Court of Jefferson County even though it references the Justice Court in its heading.

2

se plaintiff's claims). For these reasons alone, Plaintiffs' claims should be dismissed with prejudice.

## II.

## PLAINTIFF'S PETITION FAILS TO STATE
## A CAUSE OF ACTION UNDER TEXAS LAW

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted if it clearly appears on the face of the complaint that the plaintiff's claims are barred or otherwise cannot succeed according to well established legal principles. *See Bush v. United States*, 823 F.2d 909, 910 (5th Cir. 1987). If a plaintiff's petition recites facts which are clear and sufficient to provide the defendant with fair notice of what the claim is and the supporting grounds for the claim, the court must then accept those well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998). However, the court is not bound to accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft* at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002). *A fortiori*, a complaint may be dismissed when it appears "beyond a doubt that plaintiff can prove no set of facts" that would entitle him to prevail. *Twombly* at 560-61; *First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc*., 178 F.Supp.3d 390, 399 (E.D. La. 2016). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly* at 556.

In the case at bar, Plaintiff's Petition fails to set forth the actionable claims under Texas law. The pleadings assert claims of defamation, libel, harassment, slander, and false detention. *See* Ex. A, Paragraph IV (FACTS), and Paragraph V (CAUSE OF ACTION). Plaintiff's Petition does not recite any facts that would meet the elements of slander, libel defamation, or false detention. *See* Ex. A. Plaintiff cites certain provisions, including 28 USC 4101. *See id.* This provision relates to recognition of foreign defamation judgments by federal courts and does not appear to provide a cause of action. *See* 28 USC §4101. Plaintiff also cites Chapter 73 of the Texas Civil Practice and Remedies Code related to libel. *See* Ex. A. Plaintiff, however, recites none of the elements of a libel cause of action under Chapter 73. *See id*. Additionally, Plaintiff recites no facts that would support a libel cause of action, including for instance what alleged statements Walmart supposedly made against Plaintiff or who made such statements. *See Black v. Experian Info. Sols.*, Inc., No. H- 21-04231, 2022 U.S. Dist. LEXIS 81528, at *8 (S.D. Tex. 2022) (dismissing libel and defamation cause of action because Plaintiff failed to identify what allegedly defamatory statements were made). Further, Plaintiffs petition cites no elements nor facts that would support a claim for false detention.

For each of the above reasons, Plaintiff's claim must be dismissed with prejudice.

### III.

**PLAINTIFF'S CLAIMS ARE BARRED BY STATUTE OF LIMITATIONS**

Plaintiff's Petition does not state on which date the alleged defamation or alleged false detention took place. *See* Ex. A. However, this is not the first time this Plaintiff has filed suit related to an incident allegedly involving the police at the Beaumont Walmart on Dowlen Road as alleged in his petition in this case. *See* Ex. A at Paragraph IV, Section 6. Plaintiff first filed a suit against Walmart in Civil Action No: 1:22-CV-00030 related to an incident that allegedly occurred

at Walmart on May 2, 2020. *See* Ex. B, Plaintiff's Complaint in Civil Action No. 1:22-CV-00030. On May 19, 2022, this Court dismissed Plaintiff's claims in that case and entered final judgment in favor of Walmart. *See* Ex. C, Final Judgment in Civil Action No. 1:22-CV-00030. Plaintiff also filed a claim with the American Arbitration Association related to the same May 2, 2020, incident, which was dismissed by this Court on November 3, 2023. *See* Ex. D, Plaintiff's Demand for Arbitration, and Ex. E, Final Judgment regarding Arbitration Demand. Ultimately, if Plaintiff's claims in this case relate to the same alleged May 2, 2020, incident, then Plaintiff's claims are barred by limitations.

Although Plaintiff does not state what defamatory statements were made about him, he does seem to indicate that the alleged defamation took place at the time the alleged incident involving the police occurred. *See* Ex. A at Paragraph IV, Section 6. In the same section of his Petition, Plaintiff also alleges that he was "illegally detained" by someone. *See id.* Under Texas law, the statute of limitations for false detention is two years. TEX. CIV. PRAC. & REMEDIES CODE § 16.003. Furthermore, the statute of limitations for a libel or defamation claim is one year. TEX. CIV. PRAC. & REMEDIES CODE § 16.002(a); *see Williamson v. New Times, Inc.*, 980 S.W.2d 706, 710 (Tex. 1998) (agreeing that if the "primary gravamen of [a plaintiff's] cause of action is libel and slander," the one-year statute of limitations applies). The statute of limitations generally accrues when the allegedly defamatory material is circulated or published, but the discovery rule may toll accrual. *Deaver v. Desai*, 483 S.W.3d 668, 674-75 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Thus, to the extent that the alleged detention is related to the May 2, 2020, incident, the limitations period expired on May 2, 2021. In addition, to the extent the alleged defamation is related to the May 2, 2020, incident, the limitations period expired on May 2, 2021. Accordingly, Plaintiff's claims should be dismissed with prejudice.

## IV.

## PLAINTIFF'S CLAIMS ARE BARRED BY
## RES JUDICATA

As noted, Plaintiff has filed claims against Walmart in two separate cases prior to the instant action. The alleged facts asserted in this case appear to be the same as those alleged in his prior actions. Specifically, in both earlier actions, Plaintiff asserted claims allegedly arising out of having the police called on him at the Beaumont Walmart on Dowlen Road. *See* Ex. B and Ex. D.

"Dismissal under Rule 12(b)(6) is appropriate if the res judicata bar is apparent from the complaint and judicially noticed facts" and "if the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense." *Anderson v. Wells Fargo Bank*, 953 F.3d 311, 314 (5th Cir. 2020) (citing *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005)); *Barnhizer v. Am. Airlines, Inc.*, No. 4:24-cv-00580-P, 2024 U.S. Dist. LEXIS 205014, at *4 (N.D. Tex. 2024). Res judicata "'bars the litigation of claims that either have been litigated or should have been raised in an earlier suit.'" *Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 570 (5th Cir. 2021) (quoting Test Masters, 428 F.3d at 571). The preclusive effect of res judicata requires meeting four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Barnhizer*, 2024 U.S. Dist. LEXIS 205014, at *5. Here, to the extent Plaintiff's action involves the alleged incident that occurred on May 2, 2020, all four factors are met. Specifically, the parties are the same; this Court rendered the judgment in the prior actions and was a court of competent jurisdiction; the Court dismissed Plaintiff's cause of action by 12(b)(6), which is a final judgment on the merits; both actions concern the "same nucleus of operative facts." *Barnhizer*,

2024 U.S. Dist. LEXIS 205014, at *9 (N.D. Tex. 2024) (dismissing Plaintiff's claims on res judicata grounds in granting 12(b)(6) motion).

For each of the above reasons, the Court should dismiss with prejudice Plaintiffs' claims.

WHEREFORE, PREMISES CONSIDERED, Defendant, Walmart Stores Texas, LLC (incorrectly named as Walmart Store LLC), prays that the Court grant its Rule 12(b)(6) Motion to Dismiss and dismiss all of Plaintiffs claims with prejudice. Defendant further prays that it recovers its taxable costs of court.

    Respectfully submitted,

    MEHAFFY WEBER, P.C.

    /s/ Karen L. Spivey
    KAREN L. SPIVEY
    SBN: 18955100
    **ATTORNEY IN CHARGE FOR DEFENDANT, WALMART STORES TEXAS, LLC (INCORRECTLY NAMED AS WALMART STORE LLC)**
    KarenSpivey@mehaffyweber.com
    WILLIAM F. THORNE
    SBN: 24102569
    WilliamThorne@mehaffyweber.com
    GORDON R. PATE
    SBN: 15563000
    GordonPate@mehaffyweber.com
    P.O. Box 16
    Beaumont, TX 77704-0016
    2615 Calder Avenue, Suite 800
    Beaumont, TX 77702
    Ph:    409-835-5011
    Fx:    409-835-5177
    ATTORNEYS FOR DEFENDANT

<u>NO CERTIFICATE OF CONFERENCE REQUIRED</u>

According to Eastern District Local Rule CV-7, no Certificate of Conference is required because Plaintiff is Pro Se and this is a Motion to Dismiss.

/s/ Karen L. Spivey
KAREN L. SPIVEY

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to *Pro Se* Plaintiff David R. Pete by certified mail, electronic filing, and email on this 5th day of March, 2025:

David R. Pete
*PRO SE*
6355 Chinn Lane, Apt. 2105
Beaumont TX 77708
dpetedavidpete@yahoo.com
409-998-0229

/s/ Karen L. Spivey
KAREN L. SPIVEY
