IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID R. PETE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:25-CV-00104-MJT |
| | § | |
| WALMART STORES TEXAS, LLC, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER OVERRULING PLAINTIFF'S
OBJECTIONS AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff David. R. Pete alleges that the store manager of a Walmart located in Beaumont, Texas owned and operated by Defendant Walmart Stores Texas, LLC defamed his character and reputation according to federal and state law. [Dkt. 6]. The District Court referred this case to the Honorable Christine L. Stetson, United States Magistrate Judge, to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

Before Judge Stetson was Walmart's Motion to Dismiss Plaintiff's Cause of Action Under Rule 12(b)(6) [Dkt. 2]. On March 24, 2025, Judge Stetson issued a Report and Recommendation [Dkt. 13] advising the Court to: (1) dismiss without prejudice Pete's defamation claim brought under 28 U.S.C. § 4101; (2) dismiss without prejudice Pete's harassment claim asserted under § 42.07 of the Texas Penal Code; (3) dismiss with prejudice Pete's state law defamation claim; and (4) deny Pete leave to amend his complaint. On April 3, 2025, Pete filed timely objections [Dkt. 15] to the Report.

### I. The Unobjected-to Findings of Facts and Conclusion of Law of the Report and Recommendation [Dkt. 13] are Adopted

No party objected to Judge Stetson's recommendation to dismiss without prejudice Pete's defamation claim brought under 28 U.S.C. § 4101. The Court has received and considered the Report and Recommendation of the United States Magistrate Judge pursuant to such referral, along with the record, pleadings, and all available evidence. After careful consideration, the Court finds that the above unobjected-to findings of fact and conclusion of law of the United States Magistrate Judge are correct. Accordingly, the above unobjected-to findings of fact and conclusion of law in the Report and Recommendation of the United States Magistrate Judge are adopted. Pete's defamation claim brought pursuant to 28 U.S.C. § 4101 is dismissed without prejudice.

### II. Pete's Objections [Dkt. 15] to the Report and Recommendation [Dkt. 13] are Overruled

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc). Pete objects to the Report's recommendations to: (1) dismiss without prejudice his Texas Penal Code § 42.07

harassment claim; (2) dismiss with prejudice his state law defamation claim; and (3) deny him leave to amend his complaint. [Dkt. 15 at 2–5].

### A. Pete's state law harassment claim

To the extent that Pete levied such a claim, the Report determined that § 42.07 of the Texas Penal Code does not provide him a cause of action with which he can assert his claim of harassment. [Dkt. 13 at 10–11 n.8]. Pete does not object to that ultimate finding but rather to Judge Stetson recommending a *sua sponte* dismissal of the claim.[1] [Dkt. 15 at 2]. "Generally, a district court may dismiss a plaintiff's claim for failure to state a claim *sua sponte*, 'as long as the procedure employed is fair to the parties.'" *Paul v. Trans Union, LLC*, No. 420-CV-00794-SDJ-CAN, 2021 WL 3503393, at *16 & n.8 (E.D. Tex. July 21, 2021) (quoting *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015)), *R & R adopted*, No. 4:20-CV-794, 2021 WL 3487485 (E.D. Tex. Aug. 9, 2021); *see also Raskin on behalf of JD v. Dall. Indep. Sch. Dist.*, 69 F.4th 280, 287 (5th Cir. 2023) (citation omitted); *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (quoting *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014)).

It is well-established that the fourteen-day objection window to a magistrate judge's report and recommendation provides the requisite notice and opportunity to respond to constitute a fair procedure. *See, e.g.*, *Benton v. Tex. Dep't of Crim. Just.*, No. 4:24-CV-0112, 2024 WL 3237543, at *1 (S.D. Tex. May 23, 2024) (citing *Anokwuru v. City of Houston*, 990 F.3d 956, 967 (5th Cir. 2021), *abrogated on other grounds by Guerra v. Castillo*, 82 F.4th 278 (5th Cir. 2023)) ("The procedure for *sua sponte* dismissal in this case is fair because this Memorandum and Recommendation puts Plaintiff on notice of the Court's intention to dismiss [under Rule 12(h)(3)] and Plaintiff has 14 days to file an objection and explain why his case should be allowed to

---

[1] Pete mistakes the Report as recommending *sua sponte* dismissal of all his claims. [Dkt. 15 at 2]. Walmart moved to dismiss Pete's other claims, prompting review by Judge Stetson. *See* [Dkts. 2; 13].

proceed."); *Carmona v. City of Brownsville*, No. 1:23-CV-84, 2024 WL 928052, at *9 (S.D. Tex. Feb. 13, 2024) (citing *Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998))) (recommending *sua sponte* dismissal under Rule 12(b)(6)), *R & R adopted*, No. 1:23-CV-084, 2024 WL 922756 (S.D. Tex. Mar. 4, 2024); *Tomasella v. Div. of Child Support*, No. 3:20-CV-0476-S-BH, 2022 WL 2959586, at *1–*3 (N.D. Tex. July 12, 2022), *R & R adopted*, No. 3:20-CV-476-S-BH, 2022 WL 2953016 (N.D. Tex. July 26, 2022) (same); *Paul*, 2021 WL 3503393, at *16 & n.8 (same); *Laymance v. Taylor*, No. 6:19-CV-45-JDK-JDL, 2020 WL 3097001, at *2–*3 (E.D. Tex. June 11, 2020) (overruling plaintiff's due process objection to *sua sponte* dismissal of his claims and adopting the magistrate judge's report and recommendation). Pete's objection [Dkt. 15 at 2] is overruled.

### B. Pete's state law defamation claim

The Report found that Pete's state law defamation claim is barred by the applicable one-year statute of limitations. [Dkt. 13 at 5–11]. Judge Stetson further concluded that the discovery rule does not toll the limitations period because Pete knew of the allegedly defamatory statements when the store manager made them back on May 18, 2020. *Id.* at 8–11. Pete objects to these findings. [Dkt. 15 at 4–5]. The Court, however, will not entertain Pete's objection because it is "conclusive [and] general." *Nettles*, 677 F.2d at 410 n.8. Pete does nothing more than point to the relevant portion of the Report and say, "wrong." *See* [Dkt. 15 at 4–5]. There is simply no stated basis for his objection. Pete's objection [Dkt. 13 at 4–5] is overruled.

### C. The Report correctly found that granting Pete leave to amend his complaint would be futile and cause needless delay

Lastly, Pete avers that the recommendation to deny him leave to amend his complaint constitutes legal error. *Id* at 2, 4. Judge Stetson found that Pete's "federal defamation claim is unmoored from a valid cause of action and his state law defamation claim is time-barred." [Dkt.

4

13 at 12]. For the reasons above, the Court is going to adopt these recommendations, as well as the recommendation to dismiss Pete's claim of harassment, to the extent he brings such a claim, because § 42.07 of the Texas Penal Code does not supply Pete with a cause of action. As such, there is no reason to inflict needless delay and futility on Pete, Walmart, and the Court by granting Pete leave to amend his complaint. *See Vela v. Compton*, No. 24-40302, 2024 WL 4891786, at *4 (5th Cir. Nov. 26, 2024) (holding that the district court did not abuse its discretion in denying a plaintiff leave to amend his complaint where doing so would have been futile due to lawsuit being time-barred); *Whitaker v. McDonald*, No. 20-40569, 2022 WL 68972, at *2 (5th Cir. Jan. 6, 2022) (same); *Newby v. Enron Corp.*, 542 F.3d 463, 469 (5th Cir. 2008) ("[A] court need not grant leave to amend when the filing would be futile because the proposed claims are time-barred."); *Rojas v. Pegasus Foods Inc.-Astrochef Inc.*, No. 3:22-CV-01276-N-BH, 2023 WL 5437176, at *8 (N.D. Tex. July 20, 2023) (leave to amend time-barred defamation claim denied as futile). Pete's objection [Dkt. 15 at 2, 4] is overruled.

### III. Order

The Court has conducted a *de novo* review of Plaintiff David. R. Pete's objections consistent with the pleadings, briefing, and applicable law. *See* FED. R. CIV. P. 72(b). For the foregoing reasons, Plaintiff David. R. Pete's objections [Dkt. 15] are OVERRULED. Accordingly, the Report and Recommendation of the United States Magistrate Judge [Dkt. 13] is ADOPTED.

Defendant Walmart Stores Texas, LLC's Motion to Dismiss Plaintiff's Cause of Action Under Rule 12(b)(6) [Dkt. 2] is GRANTED. Plaintiff David R. Pete's defamation claim brought pursuant to 28 U.S.C. § 4101 and state law harassment claim asserted under § 42.07 of the Texas Penal Code are DISMISSED WITHOUT PREJUDICE. Plaintiff David R. Pete's state law

defamation claim is DISMISSED WITH PREJUDICE.  Lastly, Plaintiff David R. Pete is DENIED leave to amend his complaint.

**SIGNED this 9th day of April, 2025.**

Michael J. Truncale
United States District Judge